# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

---

United States Tennis Association, Inc. and USTA
National Tennis Center Incorporated,

         Plaintiffs,

vs.

Employers Insurance Company of Wausau,
a subsidiary of Liberty Mutual Holding Company, Inc.,
Liberty Mutual Fire Insurance Company, Liberty
Mutual Insurance Company, and Liberty Mutual
Holding Company, Inc.,

         Defendants.

---

**SUMMONS WITH NOTICE**

Index No.:

Date Purchased: March 18, 2020

**TO THE ABOVE-NAMED DEFENDANTS:**

  **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with the Summons, to serve a notice of appearance on Plaintiffs' attorneys within twenty (20) days after the service of this Summons, exclusive of the day of service, or if service of this Summons is made by any means other than by personal delivery to you within the State of New York, within thirty (30) days after such service is complete.

  **PLEASE TAKE NOTICE** that the nature of this action and the relief sought is set forth in the Notice below.

  **YOU ARE HEREBY NOTIFIED THAT** should you fail to answer or appear, a judgment will be entered against you by default for the relief demanded below.

## NOTICE

The nature of this action is for breach of contract and declaratory judgment arising from the Defendants' failure to honor the insurance policy (Premier Property Protector Policy No. YAC-L9L-468034-017) issued by Defendants to the Plaintiffs.

The relief sought is: A judicial declaration concerning Defendants' obligation to pay the property damage claim submitted by Plaintiffs under the aforementioned insurance policy, together with monetary damages in an amount not less than $622,366.20, plus interest, costs, attorneys' fees, and such other and further relief as the Court may direct. Should Defendants fail to appear herein, judgment will be entered by default.

## VENUE

Plaintiffs designate Westchester County as the place of trial based on the fact that Plaintiff United States Tennis Association, Inc. is a resident of Westchester County. CPLR §503(c)

Dated: March 18, 2020

DENLEA & CARTON, LLP

By: Jeffrey I. Carton
2 Westchester Park Drive
Suite 410
White Plains, New York 10604
(914) 331-0100

Defendants' Address:

175 Berkeley Street
Boston, MA 02116

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

―――――――――――――――――――――――――

United States Tennis Association, Inc. and USTA
National Tennis Center Incorporated,

                              Plaintiffs,

vs.

Employers Insurance Company of Wausau,
a subsidiary of Liberty Mutual Holding Company, Inc.,
Liberty Mutual Fire Insurance Company, Liberty
Mutual Insurance Company, and Liberty Mutual
Holding Company, Inc.,

                              Defendants.

―――――――――――――――――――――――――

Index No. 54410/2020

**COMPLAINT**

Plaintiffs United States Tennis Association, Inc. ("USTA") and USTA National Tennis Center Incorporated ("USTA NTC") (collectively, "Plaintiffs"), by and through their attorneys, Denlea & Carton LLP, as and for their Complaint against defendants Employers Insurance Company of Wausau, a subsidiary of Liberty Mutual Holding Company, Inc., Liberty Mutual Fire Insurance Company, Liberty Mutual Insurance Company, and Liberty Mutual Holding Company, Inc. (collectively, "Liberty Mutual"), allege as follows:

**NATURE OF THE ACTION**

1. By this action, Plaintiffs seek to redress Liberty Mutual's failure to honor its obligations and duties under a Premier Protector Insurance Policy issued to the USTA, Policy No. YAC-L9L-468034-017, for the policy period October 15, 2017 to October 15, 2018 (the "Policy"), under which the USTA and USTA NTC are insured parties.

2. Plaintiffs provided Liberty Mutual with written notice of a loss (the "Notice of Loss") that occurred on or about March 22, 2018 when accumulated snow and ice caused damage

to the roof of Arthur Ashe Stadium. Despite confirming receipt of the Notice of Loss, Liberty Mutual has failed and refused to honor the Policy, and has also failed to satisfy Plaintiffs' demand for indemnification for and reimbursement of the damages, losses and repair costs that Plaintiffs incurred during the restoration of the roof of Arthur Ashe Stadium.

3. By this action, Plaintiffs seek to recover the economic damages they have suffered as a result of Liberty Mutual's breach of its contractual obligations under the Policy, and a declaratory judgment arising from Liberty Mutual's failure to honor the Policy and provide insurance coverage relating to the significant damage that Plaintiffs sustained to the roof of the Arthur Ashe Stadium.

**PARTIES**

4. Plaintiff USTA is a New York domestic not-for-profit corporation with its principal place of business at 70 West Red Oak Lane, White Plains, New York 10604. The USTA is the national governing body for the sport of tennis and the recognized leader in promoting and developing the sport's growth on every level in the United States, from local communities to the crown jewel of the professional game, the US Open Tennis Championships.

5. Plaintiff USTA NTC is a New York domestic not-for-profit corporation with its principal place of business at 70 West Red Oak Lane, White Plains, New York 10604.

6. Upon information and belief, defendant Employers Insurance Company of Wausau, a subsidiary of Liberty Mutual Holding Company, Inc., is a foreign corporation doing business as Liberty Mutual Insurance Company, with a principal place of business at 2000 Westwood Drive, Wausau, Wisconsin 54401, duly authorized to carry on the insurance business in the State of New York, with a place of business in the State of New York.

7. Upon information and belief, defendant Liberty Mutual Fire Insurance Company, the underwriting company for Liberty Mutual Insurance Company, is a foreign corporation with a principal place of business at 175 Berkeley Street, Boston, Massachusetts 02116, duly authorized to carry on the insurance business in the State of New York, with a place of business in the State of New York.

8. Upon information and belief, defendant Liberty Mutual Insurance Company is a foreign corporation with a principal place of business at 175 Berkeley Street, Boston, Massachusetts 02116, duly authorized to carry on the insurance business in the State of New York, with a place of business in the State of New York.

9. Upon information and belief, defendant Liberty Mutual Holding Company, Inc. is a foreign corporation with a principal place of business at 175 Berkeley Street, Boston, Massachusetts 02116, duly authorized to carry on the insurance business in the State of New York, with a place of business in the State of New York.

## JURISDICTION AND VENUE

10. This action for breach of contract and a declaratory judgment is within the Court's general original jurisdiction and not within the jurisdiction of any court of limited jurisdiction in this State.

11. This Court has personal jurisdiction over this matter pursuant to CPLR 301 and 302(a)(1) as Liberty Mutual regularly conducts business within the State of New York, and the events at issue occurred in the State of New York.

12. Venue is proper in this county pursuant to CPLR 503(c) because the USTA is a resident of Westchester County.

## FACTUAL BACKGROUND

13. Arthur Ashe Stadium, a tennis stadium at Flushing Meadows – Corona Park in Queens, New York, is part of the USTA Billie Jean King National Tennis Center. It is the largest tennis stadium in the world, and the primary stadium of the US Open Tennis Championships.

14. For the period of October 15, 2017 to October 15, 2018, Liberty Mutual issued the Policy under which USTA and USTA NTC are insured parties.

15. The Policy provides coverage to Plaintiffs' real property against all risks of direct physical loss or damage.

16. Plaintiffs have paid all requisite premiums to Liberty Mutual due under the Policy.

17. During a snowstorm on or about March 22, 2018, two fabric panels that comprised a portion of the roof of the Arthur Ashe Stadium were damaged (with significant tears) by the accumulated weight of snow and ice on the roof.

18. Plaintiffs subsequently incurred significant liabilities in connection with the repairs to the damage to the roof of the Arthur Ashe Stadium.

19. Plaintiffs provided their written Notice of Loss to Liberty Mutual on or about April 18, 2018, specifically, the property damage to Arthur Ashe Stadium.

20. By letter dated June 13, 2018, Liberty Mutual acknowledged receipt of Plaintiffs' Notice of Loss, which confirmed, *inter alia*, the date of loss (March 22, 2018), the loss location (Arthur Ashe Stadium), Plaintiffs' Policy with Liberty Mutual (YAC-L9-6804-017), and Liberty Mutual's investigation of Plaintiffs' loss involving the damage to the fabric of the roof of Arthur Ashe Stadium.

21. Despite confirming receipt of Plaintiffs' Notice of Loss, Liberty Mutual has failed and refused to honor the Policy.

22. Plaintiffs demanded that Liberty Mutual indemnify them for the damages, losses and repair costs asserted.

23. Despite Plaintiffs' demand, Liberty Mutual has refused Plaintiffs' demand for indemnification for the damages, losses and repair costs that Plaintiffs incurred during the restoration of the roof of Arthur Ashe Stadium.

24. As a result of Liberty Mutual's failure to honor the Policy, Plaintiffs commenced this lawsuit against Liberty Mutual by filing a summons with notice in New York Supreme Court, County of Westchester on March 18, 2020, under Index Number 54410/2020 (the "Action").[1]

25. A present, ripe and justiciable controversy exists between Plaintiffs and Liberty Mutual. Plaintiffs seek the recovery of monies arising from Liberty Mutual's breach of its contractual obligations under the Policy, and a declaratory judgment adjudicating Liberty Mutual's failure to honor the Policy and directing it to provide insurance coverage relating to the significant damage that Plaintiffs sustained to the roof of the Arthur Ashe Stadium.

### FIRST CAUSE OF ACTION
**(Breach of Contract)**

26. Plaintiffs repeat, reallege, and incorporate each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

27. In or around October 2017, Liberty Mutual issued the Policy, under which Plaintiffs are insured parties.

28. The Policy is a valid, binding, and enforceable contract.

29. Plaintiffs have performed all of their obligations in connection with the Policy, including the payment of all premiums to Liberty Mutual, and Plaintiffs have made demand for

---

[1] Plaintiffs' Complaint is timely because Plaintiffs and Liberty Mutual agreed, through a series of stipulations, that the time for Plaintiffs to serve their Complaint pursuant to CPLR 3012(b) was extended to and including March 1, 2021.

payment from Liberty Mutual for indemnification for the damages, losses and repair costs that Plaintiffs incurred during the restoration of the roof of Arthur Ashe Stadium to which they are entitled under the Policy.

30. Liberty Mutual has breached its contractual obligations and duties to Plaintiffs under the Policy, including Liberty Mutual's obligation to honor the Policy and provide insurance coverage relating to the significant damage that Plaintiffs sustained to the roof of the Arthur Ashe Stadium.

31. As a result of Liberty Mutual's breach of its contractual obligations to Plaintiffs under the Policy, Plaintiffs have been damaged in an amount to be determined at trial.

<b><u>SECOND CAUSE OF ACTION</u></b><br><b>(Declaratory Judgment)</b>

32. Plaintiffs repeat, reallege, and incorporate each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

33. Plaintiffs are named policy holders under the Policy issued by Liberty Mutual.

34. Plaintiffs have made demand for payment from Liberty Mutual for indemnification for the damages, losses and repair costs that Plaintiffs incurred during the restoration of the roof of Arthur Ashe Stadium.

35. Pursuant to the Policy, Liberty Mutual is obligated to indemnify Plaintiffs for the damages, losses and repair costs that Plaintiffs incurred during the restoration of the roof of Arthur Ashe Stadium.

36. Liberty Mutual has failed to honor the Policy (despite Plaintiffs' payment of the premiums), failed to acknowledge its obligations and duties under the Policy, and has disregarded Plaintiffs' demand for indemnification for the damages, losses and repair costs that Plaintiffs incurred during the restoration of the roof of Arthur Ashe Stadium.

37. By reason of the foregoing, a present, ripe, and justiciable controversy exists between Plaintiffs and Liberty Mutual. Plaintiffs therefore seek a declaratory judgment that Liberty Mutual has a duty to honor the Policy and indemnify Plaintiffs for their damages, losses and repair costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request judgment and relief as follows:

A. On the First Cause of Action, awarding Plaintiffs damages in an amount to be determined at trial;

B. On the Second Cause of Action, declaring that Liberty Mutual has a duty and obligation to indemnify Plaintiffs for their Notice of Loss submitted under the Policy; and

C. Granting such other and further relief as this Court deems just and proper, together with interest, attorneys' fees, costs and disbursements incurred in connection with this Action.

Dated: March 1, 2021
White Plains, New York

DENLEA & CARTON LLP

By: _____
Jeffrey I. Carton, Esq.
Joseph M. Licare, Esq.
Craig M. Cepler, Esq.
2 Westchester Park Drive, Suite 410
White Plains, New York 10604
Telephone: (914) 331-0100
Facsimile: (914) 331-0105
*Attorneys for Plaintiffs United States Tennis Association, Inc. and USTA National Tennis Center Incorporated*